IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISON

| | |
|---|---|
| **IBEW Local 613 Defined Contribution Pension Fund, IBEW Local 613 Family Health Fund, and Chris Reichart, as Trustee of said Funds,**<br><br>Plaintiffs,<br><br>vs.<br><br>**Paul Wiley, Electrical Contractors, Inc.,**<br><br>Defendant. | Case No.: _____ |

## Complaint

Plaintiffs IBEW Local 613 Defined Contribution Pension Fund, IBEW 613 Family Health Fund (collectively, the "Funds"), and Chris Reichart, as Trustee of said Funds ("Trustee" and, together with the Funds, "Plaintiffs") file this Complaint against Defendant Paul Wiley, Electrical Contractors, Inc. ("Defendant"), showing the Court that Defendant is indebted to Plaintiffs for the debt described below.

### Statement of Matters Related to Parties, Jurisdiction, Service of Process, and Venue

1.     The Funds are employee benefit plains within the meaning of Section 3(3) of the Employee Retirement Income Security Act of 1974, as amended ('ERISA'), 29 U.S.C. §1002 (3), and, pursuant 29 U.S.C. § 1132 (d)(1) and have both capacity and standing to bring this lawsuit.

14304239v1

2.      The Trustee is a trustee of the Funds and exercises discretionary authority and control with respect to the management and disposition of the assets of each Fund.  Accordingly, the Trustee is a "fiduciary" within the meaning of 29 U.S.C § 1002(21).

3.      The Trustee brings this suit on behalf of the Funds, and on behalf of the Funds' participants and beneficiaries, and not in any individual capacity.

4.      Defendant is a corporation organized and existing under the laws of the State of Georgia.  Defendant resides in and conducts business within the Northern District of Georgia, Atlanta Division, and is subject to the jurisdiction of this Court. Plaintiffs' Summons and Complaint may be served upon the registered agent of Defendant, T. Eric Ponder, at Defendant's registered office located at 2463 Briarmoor Road, Atlanta, Georgia 30345.

5.      Defendant is an "employer" within the meaning of 29 U.S.C. § 1002(5) and the National Labor Relations Act of 1935, as amended, ("NLRA"), 29 U.S.C. § 152(2).

6.      This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 1132(e)(2) and (f), and 28 U.S.C. §§ 1331 and 1337.

7.   The fact upon which this Court's venue depends is that Defendant resides in Atlanta, Georgia, which is within the Northern District of Georgia. 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391.

8.   As required by 29 U.S.C. § 1132(h), Plaintiffs have, contemporaneously with the filing of this Complaint, served copies of the Complaint in this action upon the Secretary of Labor and the Secretary of the Treasury by certified mail.

## Factual Background

9.   Pursuant to Article VI of the collective bargaining agreement between Atlanta Electrical Contractors Association, Atlanta Chapter NECA, Inc. and Local Union 613 International Brotherhood of Electrical Workers, Atlanta, Georgia ("Collective Bargaining Agreement"), to which Defendant has assented, Defendant is liable to each of the Funds for fringe benefit contributions ("Contributions") due and owing each of them based on the number of hours worked by members of the Funds.

10.   Defendant, by virtue of its execution of the Collective Bargaining Agreement, is bound to the trust agreements of the Funds and the rules and regulations enacted by the Funds' Trustees to govern the collection of Contributions, including, but not limited to, the schedule for payments and liquidated damages assessed as a result of any late payments.

11.     Defendant is required to submit to Plaintiffs by the 15th day of each month reports showing the Contributions due and owing the respective Funds for work performed during the previous month by Defendant's employees covered by the Collective Bargaining Agreement.

12.     Defendant has defaulted on its duty in this regard by failing to submit in a timely manner monthly employer reports, Contributions, delinquency fees, and liquidated damages for the months of July 2019 through September 2019.

13.     Specifically, for the month of July 2019, Defendant failed to submit the Contributions due and owing in a timely manner, and, as a result, Plaintiffs are entitled to recover liquidated damages and delinquency fees in the amount of $642.76, which Defendant has not yet paid.

14.     Defendant also failed to submit its monthly employer reports and Contributions for the month of August 2019. As a result, the exact amount of Contributions due and owing from Defendant for the month of August 2019 is unknown, as Defendant is in sole possession of the documents and information necessary to calculate the Contributions owed. Therefore, Plaintiffs must conduct discovery to determine the amount of Contributions owed for the month of August 2019. Likewise, Plaintiffs cannot calculate the amount of liquidated damages owed for the month of August 2019 until it receives information sufficient to calculate the

amount of Contributions owed for the month of August 2019, but Defendants are obligated to pay Plaintiffs a delinquency fee in the amount of $375.00 for the month of August 2019.

15.     Defendant also failed to submit its monthly employer reports and Contributions for the month of September 2019. As a result, the exact amount of Contributions due and owing from Defendant for the month of September 2019 is unknown, as Defendant is in sole possession of the documents and information necessary to calculate the Contributions owed. Therefore, Plaintiffs must conduct discovery to determine the amount of Contributions owed for the month of September 2019. Likewise, Plaintiffs cannot calculate the amount of liquidated damages owed for the month of September 2019 until it receives information sufficient to calculate the amount of Contributions owed for the month of August 2019, but Defendants are obligated to pay Plaintiffs a delinquency fee in the amount of $375.00 for the month of September 2019.

16.     Additionally, consistent with its rights under the Collective Bargaining Agreement, and based on Defendant's habitual record failing to submit reports and Contributions in a timely manner, Plaintiffs conducted an audit of Defendant's records for the 2018 calendar year and determined that Defendant underpaid Contributions to the Funds in the total amount of $41,778.39. Defendant is obligated

to pay these Contributions, as well as delinquency fees, interest, liquidated damages, and statutory damages.

## Count I: Unpaid Contributions

17.     Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

18.     Defendant has breached its duties and obligations to the Funds under 29 U.S.C. § 1145 and the Collective Bargaining Agreement.

19.     Pursuant to the Collective Bargaining Agreement, Plaintiffs are entitled to the production of all employer reports that Defendant has failed to submit.

20.     Pursuant to 29 U.S.C. § 1132(g)(2)(A), the Funds are entitled to recover from Defendant all unpaid Contributions due and owing them.

21.     Pursuant to 29 U.S.C. § 1132(g)(2)(B), the Funds are entitled to recover from Defendant interest on all unpaid Contributions.

22.     Pursuant to 29 U.S.C. § 1132(g)(2)(C), the Funds also are entitled to recover an amount equal to the greater of (i) interest on the unpaid Contributions, or (ii) liquidated damages provided for by the Funds' plans in an amount not in excess of 20% of the untimely paid Contributions  (the "ERISA Statutory Damages"). Because Defendant has failed to submit employer reports and remit Contributions for all months as required, Plaintiffs are unable to determine the amount of ERISA

Statutory Damages owed at this time.

23.    As provided in 29 U.S.C. § 1132(g)(2)(D), the Funds are entitled to recover their expenses of this action, including their attorneys' fees and costs.

24.    Pursuant to 29 U.S.C. § 1132(a)(3), the Funds are also entitled to appropriate equitable relief.

### Count II: Injunctive Relief

25.    Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

26.    Defendant is and has been repeatedly and habitually delinquent on its Contribution obligations.

27.    Defendant is aware of its Contribution obligations to the Funds.

28.    Indeed, the Funds have filed suit against Defendant regarding Defendant's delinquency on its Contributions obligations in this Court on three prior occasions. *See IBEW Local 613 Defined Contribution Pension Fund, et al. v. Paul Wiley, Electrical Contractors, Inc.,* No. 1:17-cv-00219; *IBEW Local 613 Defined Contribution Pension Fund, et al. v. Paul Wiley, Electrical Contractors, Inc.,* No. 1:13-cv-01949; *IBEW Local 613 Defined Contribution Pension Fund, et al. v. Paul Wiley, Electrical Contractors, Inc.,* No. 1:08-cv-3290.

29.    Due to Defendant's repeated and habitual delinquency on its

14304239v1

Contribution obligations despite awareness of its Contribution requirements, the Funds' remedy at law has required and will require a multitude of suits, and is therefore inadequate.

30.     In order to prevent a multitude of suits going forward, and in order to protect the Funds' interests and the interests of the Funds' beneficiaries and participants, the Funds require injunctive relief permanently enjoining Defendant from breaching the Collective Bargaining Agreement by failing to submit required monthly reports and make complete and timely benefit Contributions.

### Demand for Relief

Having set forth its claims against Defendant, Plaintiffs demand that a judgment be entered in their favor against Defendant, as follows:

(a)     For an order directing Defendant to submit all employer reports due Plaintiffs;

(b)     For all Contributions due and owing to the Funds in and amount to be proven at trial and determined following discovery;

(c)     For interest, in accordance with 29 U.S.C. § 1132(g)(2)(B) on all unpaid Contributions;

(d)     For liquidated damages and delinquency fees in the amount of $642.76 for the month of July 2019, plus delinquency fees in the amount of $750.00 for the

months of August and September 2019, plus delinquency fees on the $41,778.39 in Contributions that Defendant underpaid in the 2018 calendar year, plus liquidated damages in an amount to be proven at trial for the months of August and September 2019 and on the $41,778.39 Defendant underpaid in the 2018 calendar year;

(e)     For ERISA Statutory Damages, in accordance with 29 U.S.C. § 1132(g)(2)(C), in an amount equal to the greater of (i) interest on the unpaid Contributions, or (ii) liquidated damages provided for by the Funds in an amount not in excess of 20% of the unpaid Contributions for the months of August 2019 through September 2019, in an amount to be proven at trial;

(f)     For the Funds' costs and expenses of this action, including their attorney's fees, in accordance with 29 U.S.C. § 1132(g)(2)(D);

(g)     For an order enjoining Defendant from breaching the Collective Bargaining Agreement by failing to comply with its reporting and benefit Contributions obligations;

(h)     For such other and further relief as the Court considers just and appropriate under the circumstances.

*[Signature appears on following page.]*

November 21, 2019              ARNALL GOLDEN GREGORY LLP

                              /s/ C. Knox Withers
                              C. Knox Withers
                              Georgia Bar No. 142482

                              Attorneys for Plaintiffs

171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363-1031
404-873-8129
Knox.Withers@agg.com

-10-